NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TREVOR ERIN McCARDLE, | No. 17-55958 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-06236-DSF-E |
| v. | |
| VICTORIA LIPNIC, Chair, U.S. Equal Employment Opportunity Commission; et al., | MEMORANDUM[**] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted September 12, 2018[***]

Before:   LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Trevor Erin McCardle, an attorney, appeals pro se from the district court's

---

[*]   Victoria Lipnic has been substituted for her predecessor, Jenny Yang, as Chair of the Equal Employment Opportunity Commission under Fed. R. App. P. 43(c)(2).

[**]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment in his employment action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We affirm.

In McCardle's opening brief, he fails to challenge specifically any of the grounds for the district court's summary judgment, whether he should have been granted leave to file a third amended complaint, or the dismissal of defendant Moyers. Therefore, McCardle has waived any challenge to these issues. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e review only issues which are argued specifically and distinctly in a party's opening brief." (citation and internal quotation marks omitted)); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

The district court properly dismissed McCardle's due process, hostile work environment, retaliation, and defamation claims for failure to state a claim because they plainly do not.

**AFFIRMED.**

17-55958